**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:09 CR 473** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Antwine D. Battiste,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 21) and the Government's Motion to Dismiss (Doc. 24). For the following reasons, the defendant's motion is DENIED and the Government's motion is GRANTED.

### Facts

After defendant was charged with being a felon in possession of a firearm, he entered a plea of guilty on February 23, 2010. On May 18, 2010, defendant was sentenced to 92 months

1

imprisonment. On May 21, 2010, the Judgment order was issued by this Court. Defendant did not appeal his conviction and sentence. On December 15, 2011, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

This matter is now before the Court upon the Government's Motion to Dismiss.

**Standard of Review**

Pursuant to 28 U.S.C. §2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255.

To warrant relief under 28 U.S.C. § 2255, a petitioner must demonstrate the existence of "an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Hamblen v. U.S.,* 591 F.3d 471 (6th Cir. 2009) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003)).

**Discussion**

The Government argues that defendant's § 2255 motion is untimely.  For the following reasons, this Court agrees.

The AEDPA establishes a one-year limitations period in which a federal prisoner may file a habeas corpus petition. That period runs from one of four specified dates, the first of which is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir.2004) (citing United States

v.. Cottage, 307 F.3d 494, 498 (6th Cir.2002)). "When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. U.S.,* 2012 WL 171379 (6th Cir. Jan.23, 2012) (citations omitted). Relevant herein, that period was 14 days after the entry of the May 21, 2010 judgment, or June 4, 2010. See Fed. R.App. P. 4(b)(1). Therefore, defendant had one year, or until June 4, 2011, within which to file his § 2255 motion. Defendant did not file the motion until December 15, 2011. Therefore, it is untimely.

### **Conclusion**

For the foregoing reasons, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied and the Government's Motion to Dismiss is granted. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.


   /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 3/9/12